CITY OF PANAMA CITY, v. PANSY EYTCHISON

184 So. 490.
Opinion Filed November 9, 1938.

834

*J. M. & H. P. Sapp,* for Plaintiff in Error;

*Thomas Sale, Philip D. Beall* and *Philip D. Beall, Jr.,* for Defendant in Error.

TERRELL, J.—U. P. Eytchison was killed in an automobile accident in Panama City January 2, 1933. His wife, Pansy Eytchison, brought this action for the negligent death of her husband and recovered a judgment which was set aside by the trial court and a new trial awarded. The new trial resulted in a verdict and judgment for the plaintiff in the sum of $2000 to which the instant writ of error was prosecuted.

The first assignment of error is grounded on the order of the trial court overruling the demurrer of the Defendant to the plaintiff's declaration.

It is contended in effect that the declaration is vague and indefinite, shows no legal obligation on the part of defendant to the plaintiff that it failed to perform, that it failed to allege where the deceased was travelling at the time of the accident that caused his death, that alleged mere conclusions of the pleader, and failed to allege any facts constituting a cause of action.

The declaration in substance alleges that the City of Panama City maintains a bridge consisting of a part of the public highway between Panama City and Millville, that it was in part a vehicular highway and in part a walkway, that it was narrower than the paved highway approaching it, that it was so constructed that one approaching it at night could not be apprised, that the walkway was not a part of the vehicular highway but was in fact a part of the bridge, that as constructed, it constituted a trap to travellers on the highway leading to it, that it was negligently allowed to remain unlighted and without warning to the public, that by reason of which deceased was killed by being thrown against it, that the city was on notice of this condition and

the deceased was not, that it was so constructed that one approaching it in the night from the east as deceased was at the time of his death could not have knowledge of its defects and dangerous condition.

We have examined the declaration and think it was sufficient to withstand the assault made on it by demurrer. It contains ultimate allegations sufficient to show the injury and the death and avers that the acts causing the death were negligently done by the city. This was sufficient under our system of pleading. Carson's Common Law Pleading, page 116.

The second assignment of error is predicated on the order of the trial court permitting a view of the scene of the accident by the jury before the evidence was all in.

The time, circumstances, and conditions under which a view by the jury will be permitted are at all times in the discretion of the trial court. Section 4362, Compiled General Laws of 1927. Coons, et al., v. Pritchard, 69 Fla. 362, 68 So. 225. There is no showing in this case that the trial court abused his discretion or that the rights of defendant were in any way prejudiced by the view at the time ordered.

It is contended that the verdict and judgment are without support in the evidence.

On this point, the evidence is, as is frequently the case, in hopeless conflict. It may be that a mind trained in the art of refined discrimination could find ample ground on which to reject the verdict rendered and reverse the cause but that is not the test. It is not for one possessed of the faculty of nice discrimination to say what he would have done or what the jury should have done. In making up its decision, the jury is in possession of factors that could never affect the judge or others absent from the scene. If the evidence is such that reasonable men could have reached the,

verdict they did, then it should be upheld. The application of this test as in the case at bar often means the rejection of evidence but this is one of the provinces of the jury. The judgment complained of when determined by this test finds support in the record.

It is also contended that the city should be adjudged immune from fault in this case because the bridge was constructed under plans and specifications drawn by and under the direction of an experienced engineer.

This may all be true and if true, there are circumstances under which it would be a bar to an action for damages, but even if perfectly constructed, if left in a condition dangerous to human life, and it is shown that such danger has resulted in damages, the one responsible for the negligence will not be excused. Instrumentalities perfectly. constructed sometimes become dangerous. Each case must be determined by its peculiar facts.

The judgment below is without error and is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.