WESTERN UNION TELEGRAPH COMPANY v. YVONNE C. THOMAS, an Infant, by S. P. THOMAS, Her Next Friend.

190 So. 878
Opinion Filed July 25, 1939
Rehearing Denied September 15, 1939

*Knight & Thompson,* for Plaintiffs in Error;

*George P. Garrett* and *Latimer A. Long,* for Defendant in Error.

TERRELL, C. J.—Yvonne C. Thomas, by her father and next friend, brought this action against Western Union Telegraph Company to recover damages for personal

injuries. The trial resulted in a verdict and judgment for the plaintiff in the sum of $1,500. The said judgment is here for review on writ of error.

It appears that on the 31st of October, 1931, the plaintiff who was at the time ten years old, was run against and knocked down by James Dobson, while riding a bicycle which belonged to him. At the time of the action, James Dobson wore a uniform and cap bearing the legend "Western Union." The bicycle bore a similar legend and as a result of the accident, the plaintiff had her leg broken, besides suffering other painful injuries.

At the conclusion of the evidence, the defendant moved for an instructed verdict in its favor. The denial of these motions and the denial of a motion for new trial are relied on to reverse the judgment of the trial court.

In theory it is not denied that James Dobson was in the employ of the plaintiff in error, but it contends that at the time of the accident he was not acting within the scope of his employment, and being so, no right of action existed against it.

The law is settled that the plaintiff must make it affirmatively appear that at the time of the accident James Dobson was in the employ of the defendant, and was acting within the scope of his employment; otherwise it, (defendant) cannot be required to respond in damages. The jury and not the court is the judge of whether or not the facts and circumstances show this.

It is not disputed that the plaintiff was run over by James Dobson and injured in the manner stated, on one of the streets of Auburndale, Florida, that Dobson was at the time wearing a cap and uniform with the legend "Western Union," and that he was in the employ of defendant on the day of the accident. It is the contention of the defendant

that he had not gone on duty for the day at the time of the accident.

It is shown that the Western Union office at Auburndale opened at 8:30 each morning, that James Dobson was supposed to go on duty at that time, and that he did, in fact, go on duty the day of the accident at the time stated. If the accident occurred after 8:30 A. M., then he was in the scope of his master's employment, and the latter is liable. The time he went on duty is apparently the real issue in the case.

On this point, some of the evidence shows that the accident took place as early as seven o'clock, or soon after, while other evidence shows that it took place as late as nine A. M. The jury found that it took place after 8:30, when James Dobson was acting for his master.. They could readily have found to the contrary, but the verdict as found finds ample support in the record, and we find nothing that would authorize us to disturb it.

It may be that minds trained in the art of fine discrimination could find ample ground on which to reject the verdict rendered, and reverse the case, but that is not the test. It is not for one possessed of the faculty of nice discrimination to say what he would have done, or what the jury should have done. In making up its decision, the jury is in possession of factors that could never affect the judge, or others absent from the scene. If the evidence is such that reasonable men could have reached the verdict they did, it will be upheld. The application of this test as in the case at bar often means the rejection of evidence, but this is one of the provinces of the jury which cannot be supplanted by the mere opinion of court or counsel. The judgment complained of, when determined by this test, finds support in

the record. Panama City v. Eychison, 134 Fla. 833, 184 So. 490.

We do not discuss or decide the question of whether or not this case is ruled by Western Union Telegraph Company v. Michel, 120 Fla. 511, 163 So. 86. The parties planted their case squarely on the proposition of what time James Dobson went to work, and we are disposing of it on that ground.

The judgment is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.