PIERCE, Chief Judge.
Appellant Harry Traynor, plaintiff below, appeals an order setting aside a jury verdict against appellee Super Test Oil & Gas Company, Inc., defendant below, and granting Super Test a new trial solely on the issue presented by the complaint which charges that Gault “in the course of his employment” with Super Test was driving a 1968 Dodge Sedan at the time of the accident and injury.
Traynor filed suit for personal injuries and damages to his vehicle as a result of a collision between his motorcycle and the Dodge Sedan owned by Francis Smith and operated by George Gault. He named Smith and Gault as defendants and joined Super Test as a party defendant on the theory that Gault was its employee and was acting in the course of his employment at the time of the accident. Gault defaulted and offered no defenses at trial. Verdict was rendered against him and Super Test and in favor of Traynor in the amount of $6,500.00 each. The jury found for Francis Smith. The lower Court entered final judgment against Gault but granted a new trial to Super Test, finding that the jury’s determination that Gault was acting in the course of his employment with Super Test at the time of the accident was against the manifest weight of the evidence and contrary to the probative force thereof. We affirm.
*917 The testimony discloses that Francis Smith was a customer of Super Test for approximately two years prior to the accident. She bought gas and oil there and on several occasions had repairs made on her car but only paid for auto parts and not for labor. Super Test sold gas, motor oil, transmission oil and inflatable rubber promotional items. The station provided no mechanical services and maintained no tools for mechanical repair work. Employees were informed of this when hired. The superintendent who visited the station almost daily knew without objection that Ralph Granger, the manager of the station, did repair work on his own car. He never saw Gault do repair work on an automobile.
On the night before the accident Smith took her car to the station and made arrangements with Granger and Gault for the repairs to her car. She came by the station about 10:30 on the morning of the accident. Gault, who had dated Smith on several occasions prior to the accident, took her to work and agreed to pick her up at 2:30 P.M. Gault was relieved by Gran-ger at about 10:00 o’clock A.M. and was not scheduled to return to work until 10:00 o’clock the next morning. Granger obtained the parts and supplied the tools used in the repair work. He was present part of the time while the car was being repaired on the premises. Gault did the repair work as a favor to Smith on his own time between 10:30 and noon. After Gault finished repairing the car he took it by a bar and had several drinks, then he drove by the house of his estranged wife’s aunt. The accident occurred about 3:30 in the afternoon when he was returning to pick up Mrs. Smith. This is a fair recital of the pertinent evidence adduced at the trial, although certain portions of Smith’s testimony conflicted with other portions.
Traynor first relies on the doctrine of apparent authority, contending that there was nothing in the operation of the gas station that would put the public or any customer on notice that the operators were not authorized to repair vehicles. He cites as his authority only one case in tort, Stuyvesant Corp. v. Stahl, Fla.1952, 62 So. 2d 18. But the doctrine of “apparent authority” is not applicable here. In the case sub judice there is no evidence that Tray-nor relied on any apparent authority. We think it is distinguishable from Stuyvesant. There, plaintiff was a paying guest of the defendant hotel, and “there were no facts or circumstances shown to put the traveling public or guests of the hotel on notice that the doorman and those serving with or under him were not acting for the appellant” hotel in parking the automobiles for the guests of the hotel. Also, there was ample evidence in that case to show that there was actual agency, though implied, the Court stating that the driver of the motor vehicle causing the injuries to plaintiff “was serving for the hotel, either under actual authority, or within the apparent scope of his authority.” See comment relative to Stuyvesant on page 118 in Miller v. Sinclair Refining Company, 1959, 5 C. A., 268 F.2d 114, and on page 372 in Eckerle v. Twenty Grand Corporation, 1967, 8 Mich.App. 1, 153 N.W.2d 369. See also Van Engers v. Hickory House, Fla.App. 1958, 104 So.2d 843, 844; Restatement of Agency, 2d §§ 266 and 267.
From the evidence recited above, it is clear that the trial Court could have found that the manifest weight of the evidence showed that Gault was not acting within the course or scope of his employment at the time of the accident. He had been off duty approximately five hours when the accident occurred, and was not scheduled to return to work for more than eighteen hours. He was not employed to do mechanical work at the station, and therefore such work was not in furtherance of Super Test’s business. Gault himself testified that he had done the work as a favor for Smith on his own time. His testimony further showed that at the time of the ac *918 cident he was on a personal mission of his own with which Super Test was in no way involved. Warner v. Goding, 1926, 91 Fla. 260, 107 So. 406; Foremost Dairies, Inc. of the South v. Godwin, 1946, 158 Fla. 245, 26 So.2d 773; Nichols v. McGraw, Fla. App.1963, 152 So.2d 486; Morgan v. Collier County Motors, Inc., Fla.App. 1966, 193 So.2d 35; 57 C.J.S. Master and Servant § 570, p. 308.
Traynor has failed to show that the trial Court abused its discretion in granting a new trial to Super Test. Cloud v. Fallis, Fla.1959, 110 So.2d 669; Hendricks v. Dailey, Fla. 1968,208 So.2d 101.
The order appealed is, therefore,
Affirmed.
LILES and HOBSON, JJ., concur.