461 So.2d 217 (1984)
Julia L. BARNES, As Personal Representative of the Estate of Linda Nell Shaw, Appellant,
v.
B.K. CREDIT SERVICE, INC., a Corporation, and Katherine J. Lyon, D/B/a Electric Cowboy, Appellees.
No. AY-364.
District Court of Appeal of Florida, First District.
December 18, 1984.
Rehearing Denied January 23, 1985.
*218 Albert Millar, of Albert Millar, P.A., Jacksonville, for appellant.
Michael M. Naughton, Jacksonville, for appellees.
WIGGINTON, Judge.
This cause is before us from the trial court's final judgment granting the defendants' motion for judgment on the pleadings and dismissing plaintiff's complaint. In making its ruling, the court expressly relied on the provisions of section 768.125, Florida Statutes (1981), and rejected plaintiff's contention that the statute is unconstitutional. We affirm.
Plaintiff (appellant), as representative of her daughter's estate, brought an action for wrongful death against defendants (appellees) as owners and operators of a bar, alleging that their negligence in serving alcohol to her obviously intoxicated daughter was the proximate cause of her daughter's death. The facts as alleged in plaintiff's complaint paint a tragic scenario. Her daughter left the bar in the early morning after several hours of drinking. Upon departing, her senses were so inundated with alcohol that she lost consciousness behind the wheel of her automobile, swerved from the road and collided with a tree. At the age of twenty, Linda Nell Shaw had become an all-too-familiar statistic.
Plaintiff's complaint was premised on the allegation that defendants had owed a duty to her daughter to refuse to serve her alcoholic beverages once they became aware that her daughter's faculties had become so impaired as to render her incapable of making a rational decision to discontinue ordering alcoholic beverages, and of safely driving a motor vehicle. Further, plaintiff alleged that since defendants had continued to serve her daughter, they breached that duty, which breach directly and proximately caused her daughter's death. Plaintiff sought compensatory and punitive damages.
Defendants moved for entry of a judgment on the pleadings, arguing that Florida does not have a "dram shop" act imposing a duty on tavern owners to assure that patrons do not overimbibe, and in the absence of such an act, that Florida does not recognize the instant cause of action, citing to Reed v. Black Caesar's Forge Gourmet Restaurant, Inc., 165 So.2d 787 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 597 (Fla. 1965). Defendants further cited to section 768.125, noting that that section allows a cause of action for injuries only where alcoholic beverages had been willfully provided to a minor. Plaintiff argued in return that section 768.125 is unconstitutional insofar as it purports to place a different duty or standard of care on tavern owners in their sale of alcoholic beverages to minors as compared to adults. The trial court rejected that notion. On appeal, plaintiff argues that section 768.125 is unreasonable, arbitrary, and capricious, and in violation of the equal protection and due process clauses of the Florida and United States Constitutions. We disagree.
We are acutely aware "of the terrible toll taken, both in personal injuries and property damage, by drivers who mix alcohol and gasoline," Ontiveros v. Borak, 136 Ariz. 500, 667 P.2d 200, 205 (1983), and grieve for those families, and for plaintiff, who have lost loved ones to the carnage caused by drunken drivers. But the law in Florida echoes the common law and has been one of non-liability where tavern owners are concerned.
*219 At common law, no cause of action existed against one furnishing alcoholic beverages in favor of those injured by the intoxication of the person so furnished, the reason generally given for this rule being that the voluntary drinking of the alcohol, not the furnishing of it, was the proximate cause of the injury. Annot., 97 A.L.R.3d 528 (1980); 45 Am.Jur.2d Intoxicating Liquor § 553 (1969). Although several jurisdictions have abrogated the common law rule of non-liability either judicially or through civil damage legislation, see e.g., Nazareno v. Urie, 638 P.2d 671, 674 n. 3 (Alaska 1981), Florida has adhered to the rule as it relates to the sale of intoxicating liquor to adults. See Reed v. Black Caesar's Forge Gourmet Restaurant, Inc.; but cf. Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963) (sale of intoxicating beverage to minor in violation of statute making it a crime to sell intoxicants to minors constitutes negligence per se).
In 1980, our legislature enacted section 768.125 which provides:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
Plaintiff argues that the classificatory scheme created by the legislature in section 768.125 denies her equal protection of the laws, as unreasonably discriminating between adult and minor imbibers of intoxicants. In response, defendants contend that section 562.11, which makes it unlawful to furnish alcoholic beverages to a minor, is actually the statute that sets forth the classificatory scheme, and that section 768.125 essentially restates the common law rule of non-liability already recognized in Florida. We disagree with defendants, for section 768.125 clearly draws a distinction between minor and adult consumers. Consequently, we must determine whether the statute's general rule of immunity, and the classifications drawn therefrom, rationally advance a legitimate legislative interest or goal. Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983), approved, 452 So.2d 932 (Fla. 1984).
However, before reviewing the exercise of legislative power, we must recall that it is not our prerogative "to explore the wisdom or advisability of the enactment." Adams v. Sutton, 212 So.2d 1 (Fla. 1968). As Justice Terrell observed forty years ago, "Courts are never permitted to strike down an act of the Legislature because it fails to square with their individual social or economic theories or what they deem to be sound public policy." Ball v. Branch, 154 Fla. 57, 16 So.2d 524, 525 (1944). Further, it must ever be kept in mind that the legislature possesses broad discretion in determining what measures are necessary for the public's protection, and we may not substitute our judgment for that of the legislature "insofar as the wisdom or policy of the act is concerned." Hamilton v. State, 366 So.2d 8, 10 (Fla. 1979). Therefore, plaintiff has the burden of proving that section 768.125 is essentially arbitrary and without a rational basis. Id. We find that plaintiff failed to do so.
As noted earlier, Florida has traditionally adhered to the common law rule of non-liability. Again, the logic behind the rule is that the proximate cause of the injury was the intoxicated patron's voluntary act of rendering himself or herself incapable of driving a vehicle. The tavern owner's act of furnishing the alcohol was considered only to be a remote cause of the injury. However, when the legislature carved out an exception to this rule in favor of minors (and those known to be habitually addicted to alcohol) by enacting section 768.125, it was doubtless furthering the ultimate legitimate interest of safeguarding from harm one of immaturity imbibing intoxicants. Davis v. Shiappacossee, *220 155 So.2d at 367. The basis of the distinction was recognized by the supreme court in Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla. 1984) when it observed that "[p]roviding alcoholic beverages to minors involves the obvious foreseeable risk of the minor's intoxication and injury to himself or a third person." Id., at 980. Whether it would have been wiser for the legislature to also include under its protection obviously intoxicated adults is not an issue that we may resolve.
The California Supreme Court, in Cory v. Shierloh, 29 Cal.3d 430, 174 Cal. Rptr. 500, 629 P.2d 8 (1981), upheld the constitutionality of legislation similar to that involved in the instant case. As to the general rule of immunity and the classificatory scheme drawn in favor of minors, the court stated:
The Legislature's decision to abrogate Vesely [v. Sager, 5 Cal.3d 153, 95 Cal. Rptr. 623, 486 P.2d 151 (1971)], Bernhard [v. Harrah's Club, 16 Cal.3d 313, 128 Cal. Rptr. 215, 546 P.2d 719 (1976)] and Coulter [v. Superior Court, 21 Cal.3d 144, 145 Cal. Rptr. 534, 577 P.2d 669 (1978)], and thereby preclude or substantially limit the liability of a provider of alcoholic beverages, may have been based upon a premise that it is unfair to require the provider (and his insurer) to share both the supervisory responsibility and the legal blame with the consumer, whose voluntary consumption of alcoholic beverages is perhaps the more direct and immediate cause of any consequent injuries. We deem such a determination to be a rational one because for many years prior to Vesely the courts of this state (including ours) uniformly had followed such provider-immunity rule... . [¶] The Legislature also reasonably might have assumed that the imposition of sole and exclusive liability upon the consumer of alcoholic beverages would encourage some heightened sense of responsibility in the drinker for his acts, thereby ultimately reducing the frequency of alcohol-caused injuries ... [citation omitted]. For these reasons we conclude that the general rule of immunity announced in the 1978 amendments is both founded upon a possible rational basis and reasonably related to a legitimate state purpose ... [¶] As for limiting the class of protected consumers to minors, the Legislature might reasonably have deemed such persons more in need of safeguarding from intoxication than adults, because of the comparative inexperience of minors in both drinking and driving. Given society's solicitous concern with minors ... the Legislature perhaps might reasonably suspend the sole theory otherwise advanced in justification of the subject legislation, namely, that it is the consumption alone, not the furnishing, of liquor which causes the resultant deaths and injuries.
174 Cal. Rptr. at 505-506, 629 P.2d at 13.
We agree with the rationale of the California Supreme Court and find it equally applicable to the cause before us. We hold that the classificatory scheme embodied in section 768.125 is rationally related to a legitimate state purpose, and therefore does not deny plaintiff equal protection of the laws.
For similar reasons we hold that section 768.125 is not violative of the due process clauses of the Florida and United States Constitutions. It bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary, or oppressive. Johns v. May, 402 So.2d 1166, 1169 (Fla. 1981); Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974).
Finally, plaintiff vaguely asserts that section 768.125 denies her access to courts. Whether the access to courts provision of Florida's constitutional Declaration of Rights is violated by section 768.125 depends on whether a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights, or whether that right has become a part of Florida's common law pursuant to section 2.01, Florida Statutes. Sasso v. Ram Property Management, 431 So.2d at 209. If either of the above is true, the legislature must authorize a reasonable alternative *221 for the redress of injuries, or demonstrate an overpowering public necessity for abolishing such a right. Id. However, neither inquiry is applicable here. As stated earlier, Florida law has not recognized a cause of action against a furnisher of intoxicants for injuries sustained as a result of an intoxicated adult, because it has observed the common law rule of non-liability. By enacting section 768.125, the legislature did not abolish a right to redress for an injury, it created one. We therefore hold that section 768.125 does not deny access to courts.
For the above reasons, the trial court's final judgment is AFFIRMED.
JOANOS and NIMMONS, JJ., concur.