565 So.2d 715 (1990)
Margaret Ann DARLEY, As Personal Representative, Acting for and On Behalf of the Estate and Beneficiaries of Susan Annette Darley, Deceased, Appellant,
v.
MARQUEE ENTERPRISES, INC., Marquee Enterprises Corporation, Marquee Entertainment Corporation, Marquee International Corporation, Marquee of Sunrise, Inc., Sunset Musical Theater Corporation, All D/B/a Sunrise Musical Theater, Fireman's Fund Insurance Company, City of Sunrise, D/B/a Sunrise Cultural Arts and Convention Center and D/B/a Sunrise Musical Theater and Old Republic Insurance Company, Appellees.
Nos. 87-3034, 88-0226 and 88-0735.
District Court of Appeal of Florida, Fourth District.
May 23, 1990.
*717 Sharon L. Wolfe and Maureen E. Lefebvre of Cooper, Wolfe & Bolotin, P.A., and Stephen G. Fischer of Fox & Fischer, Miami, for appellant.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellee  Marquee of Sunrise, Inc.
Glenn J. Webber of Ligman, Martin, Shiley, Neswiacheny & Evans, (withdrawn as counsel after filing brief) and Bohdan Neswiacheny of Law Office of Bohdan Neswiacheny, Fort Lauderdale, for appellee  City of Sunrise and Old Republic Ins. Co.

ON MOTION FOR REHEARING AND CLARIFICATION
DELL, Judge.
We deny appellee Marquee of Sunrise's motion for rehearing but grant its motion for clarification of the opinion filed March 28, 1990 and substitute the following opinion:
Margaret Ann Darley, as personal representative of the Estate of Susan Annette Darley, deceased, appeals from a final judgment entered in favor of appellees in an action for damages arising out of the wrongful death of the decedent. We reverse and remand for a new trial.
Susan Darley and a friend drove from Miami to a disco located in Fort Lauderdale. At approximately 3:00 to 3:30 A.M., Susan, her friend and a man they met at the disco left the club to return to Miami. Susan drove and her two friends sat in the back seat. She proceeded west on Commercial Boulevard towards I-95, missed the I-95 entrance ramp and continued westbound on Commercial Boulevard. Signs located at the intersection of Commercial Boulevard and Northwest 95th Avenue direct traffic to make a left turn onto Northwest 95th Avenue. Northwest 95th Avenue proceeds south and connects with a roadway located in the parking lot of the Sunrise Musical Theater. The parking lot roadway continues southbound to a second left turn. The distance from the intersection of Commercial Boulevard and Northwest 95th Avenue to the second left turn is approximately two-tenths of a mile. Susan Darley successfully negotiated the turn from Commercial Boulevard on to Northwest 95th Avenue, but she failed to negotiate the second left turn located in the parking lot. The car traveled over a curb, between two flagpoles located on the sidewalk, down a grass embankment and into an artificial lake. The two passengers in the vehicle escaped out of the open driver's window. Susan Darley did not escape and drowned.
The passengers in the vehicle testified that the theater premises were very dark; there were no lights in either the parking lot or the building. A traffic reconstruction expert estimated the speed of the vehicle at between 28 and 33 miles an hour and that Susan Darley braked approximately ten feet before the vehicle struck the curb. A jury returned a verdict in favor of defendants/appellees.
Appellant has raised fifteen points on appeal. Three points concern the determination of Susan Darley's status on the Sunrise Musical Theater property, eight points relate to the trial court's rulings on admissibility of evidence and examination of witnesses, three points concern the trial court's instructions to the jury and appellant's final point relates to the trial court's entry of judgment for costs.

SUSAN DARLEY'S STATUS ON THE SUNRISE MUSICAL THEATER PREMISES.
Appellant first contends that the trial court erred when it refused to instruct the jury as a matter of law that at the time of the accident Susan Darley was an invitee on the premises. Appellant argues that under section 95.361(1), Florida Statutes (1987), the parking lot roadway became a public road because appellee, the City of Sunrise, and/or its agent, appellee, Marquee of Sunrise, Inc., manager of the theater, maintained and repaired the parking *718 lot road continuously and uninterruptedly for at least four years prior to the date of the accident.[1] The record at best contains conflicting evidence concerning the applicability of section 95.361(1). Therefore, we hold that the trial court did not err when it refused to instruct the jury that as a matter of law, Susan Darley was an invitee on the premises.
Appellant next contends that the trial court erred when it refused to submit to the jury the issue of Susan's status as an invitee on the premises. We agree. Although appellant did not present sufficient evidence to apply section 95.361 as a matter of law, the record does contain disputed and conflicting evidence concerning the maintenance of the parking lot roadway for the four-year period preceding the accident. From such evidence, a jury could conclude that the city maintained the roadway for the prescribed four years preceding the accident. Therefore, we hold that the trial court erred when it failed to appropriately instruct the jury on this question.
Appellant also argues the record contains sufficient evidence from which the jury could have determined that the parking lot road was public and that Susan Darley had an invitation, either expressed or reasonably implied, to be on the premises. Appellees argue Susan Darley could not have been an invitee because she was not on the theater's premises for a purpose directly or indirectly related to its business. The supreme court, in Post v. Lunney, 261 So.2d 146 (Fla. 1972), and this court, in Zipkin v. Rubin Construction Co., 418 So.2d 1040 (Fla. 4th DCA 1982), adopted the "invitation test" for determining invitee status as set forth in section 332, Restatement (Second) of Torts. The restatement provides:
(1) An invitee is either a public invitee or a business visitor.
(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealing with the possessor of land.
Restatement (Second) of Torts § 332 (1964).
We agree with the trial court's determination that Susan Darley's presence on the theater premises did not fall within paragraph (3) of section 332. The record establishes that at 3:30 A.M. she did not enter the property for a purpose, either directly or indirectly connected with the Sunrise Musical Theater's business.
In Wood v. Camp, 284 So.2d 691 (Fla. 1973), the supreme court said:
It may be that on the facts in a particular case the determination of the category of the plaintiff must be determined as a matter of law by the trial judge,... other causes will present a factual issue for the jury as to whether plaintiff is invitee, licensee or trespasser under appropriate instructions.
... .
The trial judge's determination of which categories fall within the evidence is pertinent to what charges shall be given to the jury. It does not follow, however, that it is the trial judge's duty in every instance to fix the plaintiff's category, any more than it is to make any other determination of fact.
The question of status may very easily be a matter for the jury where the facts *719 on such question are in dispute; ... The plaintiff may well have been in one category or the other depending upon the jury's finding on disputed facts.
Id. at 696.
In Wood, the court pointed out that the invitee category includes those who are "licensees by invitation" of the property owner, either by express or reasonably implied invitation. Wood, 284 So.2d at 695. The record reveals there were no signs to indicate that the parking lot was anything other than public property, appellees never closed or barricaded the road or attempted to keep the public out when the theater was closed, and appellee, the City of Sunrise, knew that vehicles used Northwest 95th Avenue and the theater premises as a shortcut between Commercial Boulevard on one side and Knob Hill Road on the other. Furthermore, the trial court noted when it denied appellees' motion for a directed verdict, that 95th Avenue "certainly looked like a roadway to a person and it could be determined by the jury to be a dangerous condition." The record contains sufficient evidence from which a jury could conclude that Susan Darley entered the premises as a licensee by either express or reasonably implied invitation. Therefore, we hold that the trial court erred when it refused to instruct the jury, pursuant to section 332, Restatement (Second) of Torts, on the issue of whether Susan Darley was a public invitee on the premises. See Post, 261 So.2d at 146; Zipkin, 418 So.2d at 1040; and Wood, 284 So.2d at 691.
In another issue concerning Susan Darley's status at the time of the accident, appellant contends the trial court should not have included within its instruction on the duty owed to a foreseeable user [licensee] an instruction on the duty owed to a trespasser. We find no error in the instruction as given. However, we note that on retrial the trial court should appropriately instruct the jury on the questions related to appellant's claims of invitee status and the duty owed by a landowner to an invitee. The jury should be permitted to determine whether Susan Darley occupied the premises as a public invitee, foreseeable licensee, or as a trespasser.

EVIDENTIARY ISSUES.
Appellant claims the trial court abused its discretion when it directed a jury view of the accident scene to take place during the daytime. We agree. After the trial court granted appellees' request for a jury view of the accident scene and the route taken by Susan Darley from the disco to the place of the accident, appellant asked the court to conduct the jury view under nighttime conditions such as those confronted by Susan Darley. The City expressed no objection to a nighttime view, but the trial court denied appellant's request. The court instructed the jury that the view was not intended to show the lighting conditions as they existed at the time of the accident, but rather to allow them to see the distances involved so they could better understand the photographic evidence.
We recognize that the trial court had discretion pursuant to Rule 1.520, Florida Rules of Civil Procedure, to grant the City's motion for a view of the premises. "The time, circumstances, and conditions under which a jury view will be permitted are at all times in the discretion of the trial court." Panama City v. Eytchison, 134 Fla. 833, 184 So. 490, 492 (1938). The evidence shows, however, that the parking lot was very dark when the accident happened and, therefore, the daytime view did not provide the jury with an opportunity to see the parking lot under the conditions that prevailed at the time of the accident. We conclude that the court's limiting instruction could not overcome the misleading effect of seeing the parking lot in the daytime. Since the conditions existing at the time of the accident constituted a key issue in this case, the trial court's refusal to conduct a nighttime view of the accident scene constituted an abuse of discretion.
We also find merit in appellant's argument that the trial court abused its discretion when it denied her request to permit the jury to take into the jury room a nighttime videotape of the route traveled *720 by Susan Darley and the conditions which existed at the time of the accident. While the trial court refused to allow the jury to consider the nighttime video during its deliberations, the court did permit daytime photographs of the parking lot and the accident scene to go to the jury. We again note the materiality of the conditions as they existed at the time of the accident, and hold that while a trial court does have discretion in determining which exhibits may be sent to the jury room, the court's refusal to permit the jury to consider the nighttime videotape during its deliberations under the facts of this case constituted an abuse of that discretion.
Appellant next claims the trial court abused its discretion when it refused to declare the City's superintendent of streets and roads an adverse witness. Appellant also argues that since this witness's testimony conflicted with his deposition, the court should have declared him adverse. The record does not support appellant's argument that under Rule 1.450, Florida Rules of Civil Procedure, the court should have declared the witness adverse merely because he was employed as the superintendent of streets and roads for the City. Furthermore, appellant failed to move to have this witness declared adverse on the basis of section 90.608(2), Florida Statutes (1989) and, therefore, this argument is not before the court. We find no merit in this point.
Appellant further claims the trial court abused its discretion when it allowed the City to present evidence concerning the absence of any other accident, similar to the one involving appellant, during the ten-year period between the theater's opening and the time of trial. Before trial, the trial court sustained the City's objection to appellant's request for records of subsequent accidents but overruled the City's objection to requests for records of prior accidents. The trial court, having denied appellant's discovery request for records of subsequent accidents, should have sustained appellant's objection to appellees' evidence and argument concerning the absence of subsequent accidents. We find no merit in appellees' argument that this error, if any, would be harmless because appellant obtained the information concerning subsequent accidents from other sources.
The final evidentiary question concerns appellant's objections to appellees' cross-examination and argument on appellant's failure to have an additional chemical analysis administered on the blood sample taken from Susan Darley, pursuant to Florida Statutes 322.261(2)(c), Florida Statutes (1981). On cross-examination, appellee did not establish that appellant, the personal representative of Susan Darley's estate, knew that a sample of Susan Darley's blood was available for additional testing at a time when such testing would have yielded viable results. We conclude that while appellees' cross-examination of appellant on whether she obtained, or requested that another person obtain, a sample of Susan Darley's blood for additional testing was not improper, appellees failed to establish a proper predicate for arguing this matter in closing. In the absence of a showing that the personal representative knew of the existence of the blood sample at a time when a credible test could have been performed, argument concerning her failure to have an independent analysis of the sample should not have been permitted.
We find no merit in the three remaining evidentiary issues raised by appellant.

JURY INSTRUCTION ISSUES.
Appellant claims the trial court erred when it gave two statutory instructions on driving while intoxicated; when it instructed the jury on driving with a restricted license; and when it instructed on driving on a sidewalk.
The trial court gave two instructions on driving under the influence of alcoholic beverages. One of the instructions was based on section 316.193 and the other on section 322.262(2)(c), Florida Statutes (1981). The record contains evidence that Susan Darley consumed alcoholic beverages before the accident, and laboratory tests performed after her death showed a blood alcohol level of 0.10 percent. We find no merit in appellant's contention the trial *721 court erred when it instructed the jury on the substance of the foregoing statutes. See Eden v. Food Fair Stores, 330 So.2d 540 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1081 (Fla. 1976). On retrial, however, the trial court should note that section 322.262(2)(c) provides:
If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. (emphasis supplied).
In State v. Rolle, 560 So.2d 1154 (Fla. 1990), the supreme court held that section 316.1934(2)(c)[2] creates a permissive inference, not an unconstitutional presumption of intoxication as we held in Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988). An instruction based on section 322.262(2)(c) should follow the language contained in the statute.
We find no error in the trial court's instruction on driving with a restricted license. The record shows that Susan Darley operated the vehicle without an adult driver in the front seat and that the failure to have an adult driver in the front seat may have, or did, contribute to the accident. Finally, we hold that the trial court erred when it instructed the jury on driving on a sidewalk. The manner in which this accident occurred does not support this instruction.
Accordingly, we reverse and remand this case for a new trial. We reverse the judgment awarding costs without prejudice to appellees to seek the costs awarded in the event of a favorable verdict and final judgment on retrial.
AFFIRMED IN PART; REVERSED IN PART and REMANDED for a new trial.
HERSEY, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] Section 95.361, Florida Statutes (1987) provides in pertinent part:

(1) When a road, constructed by a county, a municipality, or the Division of Road Operations has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or the Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not. The dedication shall vest all right, title, easement, and appurtenances in and to the road ... whether there is a record of a conveyance, dedication, or appropriation to the public use or not. (footnote omitted).
[2] Section 316.1934(2)(c), Florida Statutes (1985), contains substantially the same language as that found in section 322.262(2)(c), Florida Statutes (1981).