570 So.2d 1351 (1990)
Jennifer BENNETT, Etc., et al., Appellants,
v.
GODFATHER'S PIZZA, INC., Etc., Appellee.
No. 89-1110.
District Court of Appeal of Florida, Third District.
November 13, 1990.
Rehearing Denied January 9, 1991.
*1352 Ress, Mintz & Truppman and Mark J. Mintz, North Miami, for appellants.
Wolpe, Leibowitz, Berger & Brotman and Steven R. Berger, Miami, Bradley H. Trushin, Miami Beach, for appellee.
Before BARKDULL, LEVY and GODERICH, JJ.
PER CURIAM.
The plaintiffs appeal the trial court's dismissal of several counts of their complaint with prejudice for failure to state a cause of action. We affirm.
Carlos Lopez, an employee of Godfather's Pizza [Godfather's], was cleaning Godfather's after it closed. After cleaning the restaurant, Lopez left Godfather's premises with beer which he obtained from Godfather's. Thereafter, Lopez picked up Jennifer Bennett and Melissa Coile. Approximately three hours later, Lopez was involved in an accident which injured Bennett and Coile.[1]
The plaintiffs filed an amended complaint seeking to hold Godfather's liable. Count I of the amended complaint was for negligence, Count II was for punitive damages, Count III and IV were for parents' claim for loss of services, Count V was for negligent supervision, Count VI was for negligent hiring and retention, Count VII was for breach of statute, Count VIII was for negligent entrustment, and Count IX was for attractive nuisance.
The trial court dismissed all counts of the complaint with prejudice, except for Count VII (breach of statute),[2] for failure to state a cause of action. The plaintiffs appeal the dismissal of Counts I-V, Count VI (only as to negligent retention), and Count VIII.
*1353 Florida does not recognize a cause of action against an establishment that furnishes or sells alcoholic beverages to an adult whose own negligence subsequently causes injuries to himself or others as a result of his intoxication. See Barnes v. B.K. Credit Serv., Inc., 461 So.2d 217 (Fla. 1st DCA), petition for rev. denied, 467 So.2d 999 (Fla. 1985); Reed v. Black Caesar's Forge Gourmet Restaurant, Inc., 165 So.2d 787 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 597 (Fla. 1965); see also § 768.125, Fla. Stat. (1985). The rationale for not holding the establishment liable is that "the voluntary drinking of the alcohol, not the furnishing of [the alcohol], [is] the proximate cause of the injury." Barnes, 461 So.2d at 219. Nonetheless, the plaintiffs attempt to hold Godfather's liable for this unfortunate accident under several other theories.
The plaintiffs contend that the trial court erred in dismissing their negligent retention count for failure to state a cause of action. We disagree.
"Negligent retention ... occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." Garcia v. Duffy, 492 So.2d 435, 438-39 (Fla. 2d DCA 1986). The employer, however, should be liable for the acts committed by his employee "[o]nly when an employer has somehow been responsible for bringing a third person into contact with an employee, whom the employer knows or should have known is predisposed to committing a wrong... ." Garcia, 492 So.2d at 439. Besides pleading sufficient facts to establish that the employer owes a duty to the injured person, the plaintiff must also plead sufficient facts to establish that the employer breached that duty. Id.
In the instant case, Godfather's was not responsible for bringing the injured persons into contact with its employee. The injured persons and Lopez were together for purely social reasons and in no way was there a connection between Lopez' employment relationship with Godfather's and the injured persons. Thus, there was no duty between Godfather's and injured persons. Therefore, the trial court did not err in dismissing the negligent retention count for failure to state a cause of action.
Plaintiffs also attempt to impose liability upon Godfather's under the theory of negligent entrustment. Restatement (Second) of Torts, Section 390, which is entitled "Chattel for Use by Person Known to be Incompetent" provides as follows:
One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
The comments to Section 390 state that "a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of... ." As stated earlier, it is not the furnishing of the alcoholic beverage, but the drinking of the alcohol which is the legal cause of the injuries. Barnes. Moreover, to hold otherwise would be in contravention of Florida's common law which does not recognize a cause of action against an establishment that furnishes alcoholic beverages to an adult whose negligence subsequently causes injuries to himself or others as a result of intoxication. Barnes.
The plaintiffs contend that the trial court erred in dismissing the negligence count of their complaint. We disagree.
An employer may be vicariously liable to third parties under the principle of respondeat superior for damages and injuries *1354 caused by its employee's negligent acts which are committed within the scope and course of his employment. See Western Union Tel. Co. v. Thomas, 139 Fla. 474, 190 So. 878 (1939); Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986); Gonpere Corp. v. Rebull, 440 So.2d 1307 (Fla. 3d DCA 1983); Thurston v. Morrison, 141 So.2d 291 (Fla. 2d DCA 1962). Moreover, for an employer to be vicariously liable for the acts of his employee, the employee's conduct must in some way further the interests of the employer or be motivated by those interests. See Perez v. Zazo, 498 So.2d 463 (Fla. 3d DCA 1986); Traynor v. Super Test Oil & Gas Co., 245 So.2d 916 (Fla. 2d DCA 1971).
In the instant case, Lopez' conduct in negligently operating his motor vehicle occurred while he was off duty and in no way furthered Godfather's interest. Moreover, at the time of the accident, Lopez was engaged in a purely social activity, and thus, Godfather's cannot be vicariously liable for its employee's negligent act. See Johnson v. Gulf Life Ins. Co., 429 So.2d 744 (Fla. 3d DCA 1983).
The plaintiff argues that if this court finds that Lopez was acting outside the course and scope of his employment, Godfather's should be held liable under Restatement (Second) of Torts, Section 317. We disagree.
Section 317 which is entitled "Duty of Master to Control Conduct of Servant" provides as follows:
A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
(a) the servant
(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
(ii) is using a chattel of the master, and
(b) the master
(i) knows or has reason to know that he has the ability to control his servant, and
(ii) knows or should know of the necessity and opportunity for exercising such control.
Pursuant to Section 317, an employer has a duty to control his employees' conduct when the employee is acting outside the scope and course of his employment, if the employee is on the employer's premises or if the employee is using the employer's chattel which was entrusted to him. In the instant case, there is no doubt that Lopez was not on the employer's premises at the time of the collision, and therefore the employer had no duty to control its employee's conduct. The plaintiffs, however, argue that Section 317 is applicable because the beer and the cups that were removed from the premises were chattels of the employer. As with the negligent entrustment count, the plaintiffs attempt to impose liability upon Godfather's because it furnished its "chattel" to Lopez. However, as stated earlier, it is not the furnishing of the beer, but the drinking of the beer which is the legal cause of the injuries. Barnes v. B.K. Credit Serv., Inc., 461 So.2d 217 (Fla. 1st DCA), petition for rev. denied, 467 So.2d 999 (Fla. 1985). Additionally, to impose liability upon Godfather's for furnishing alcoholic beverages to an adult would be in contravention of Florida's long-standing policy of non-liability.
Finally, the plaintiffs contend that the trial court erred in dismissing their count for punitive damages and their counts for the parents' loss of services. We disagree. Both punitive damages and damages for the parents' loss of services are types of damages. In the instant case, no counts are remaining as a result of the summary judgment and dismissals, and thus, damages are not recoverable.
AFFIRMED.
NOTES
[1] At the time of the accident, Lopez was of legal drinking age.
[2] The trial court eventually entered a final summary judgment as to Count VII.