FEDER, RICHARD Y., Associate Judge.
Appellant, plaintiff below, appeals an adverse jury verdict on his status at the time of an accident, while traversing a spoil pile on his ATC and falling into a 100 foot wide hole on the top. Defendant user and maintainer of the spoil pile cross appeals on the denial of a directed verdict on liability and the refusal to grant costs to it.
The status of appellant and the remaining issues raised were clearly jury issues. See Darley v. Marquee Enterprises, Inc., 565 So.2d 715 (Fla. 4th DCA 1990). There were conflicting facts concerning whether the spoil pile was a public roadway, whether the appellant had an express or implied invitation, etc. The weighing of evidence and the credibility of the givers of evidence is purely for the jury, not this court.
Therefore, both the appeal and cross-appeal from the denials of directed verdicts are denied and the trial court affirmed except as hereinafter stated.
The appellant has quite properly confessed error as to the issue of taxed costs since the supreme court decisions of Aspen v. Bayless, 564 So.2d 1081 (Fla.1990), and Drew v. Couch, 565 So.2d 1354 (Fla.1990), were not available to either counsel or the trial court at the time of the hearing. The matter is remanded to the trial court for the sole purpose of determining the appropriate taxable costs.
WARNER and POLEN, JJ., concur.