Manuel MORERA, as Personal Representative of the Estate of Maria Josefa Morera, Plaintiff,

v.

SEARS, ROEBUCK AND CO., Defendant.

CASE NO. 1:14–CV–22708–ROSENBERG/BRANNON

United States District Court, S.D. Florida.

Signed October 19, 2015

Gabriel A. Garay, Robert L. Parks, Law Offices of Robert L. Parks, P.L., Joel Stephen Perwin, Miami, FL, Jorge Luis Fors, Jorge L. Fors, P.A., Coral Gables, FL, for Plaintiff.

Hillary Jacey Kaps, Allan J. Rotlewicz, Brooke Lisa Ehrlich, Rumberger, Kirk & Caldwell, Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBIN L. ROSENBERG, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court upon Defendant Sears, Roebuck & Co.'s Motion for Summary Judgment on Plaintiff's Complaint and Memorandum of Law [DE 51]. The Court has carefully reviewed Defendant's Motion, Plaintiff's Response in Opposition thereto [DE 56],[1] and Defendant's Reply [DE 62], and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I. INTRODUCTION

This action is brought pursuant to the Florida Wrongful Death Act, Fla. Stat. § 768.16 *et seq.* Plaintiff seeks to hold

1. The Court has considered Plaintiff's Request for Oral Argument Pursuant to Local Rule 7.1(b) [DE 56–1] and denies that request.

2. The Court is sitting in diversity and therefore applies the substantive law of Florida.

Defendant vicariously liable for the acts of its employee, Luis Antonio Valdivia ("Mr. Valdivia"), whose vehicle struck and killed Maria Josefa Morera ("Ms. Morera"). *See* DE 1–1. Defendant argues, and the Court agrees, that Defendant cannot be held vicariously liable under Florida law[2] because Mr. Valdivia's acts were not committed within the course and scope of his employment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States,* 516 F.3d 1235, 1243 (11th Cir.2008) (citing *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party

*See, e.g., Pendergast v. Sprint Nextel Corp.,* 592 F.3d 1119, 1132 (11th Cir.2010) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

and draws all reasonable inferences in that party's favor. *See Davis v. Williams,* 451 F.3d 759, 763 (11th Cir.2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta,* 485 F.3d 1130, 1140 (11th Cir.2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff,* 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC,* 327 Fed.Appx. 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver,* 549 F.3d at 1343.

### III.  LEGAL ANALYSIS

▮▮ Under Florida law, "[a]n employer may be vicariously liable to third parties under the principle of respondeat superior for damages and injuries caused by its employee's negligent acts which are committed within the scope and course of his employment." *Bennett v. Godfather's Pizza, Inc.,* 570 So.2d 1351, 1353–54 (Fla.Dist. Ct.App.1990) (citing *W. Union Tel. Co. v. Thomas,* 190 So. 878, 878–79 (Fla.1939)).

> The conduct of an employee is within the scope of his employment, for the purpose of determining the employer's vicarious liability to third persons injured by the employee, only if (1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master.

*Sussman v. Florida E. Coast Properties, Inc.,* 557 So.2d 74, 75–76 (Fla.Dist.Ct.App. 1990) (citing *Kane Furniture Corp. v. Miranda,* 506 So.2d 1061 (Fla.Dist.Ct.App. 1987)); *see also United Technologies Corp. v. Mazer,* 556 F.3d 1260, 1271 (11th Cir. 2009) (citing *Spencer v. Assurance Co. of Am.,* 39 F.3d 1146, 1150 (11th Cir.1994)). "The question as to whether or not the employee is acting within the scope of his employment in a particular instance is a question of law for the court if there is no conflict in the facts." *Johnson v. Gulf Life Ins. Co.,* 429 So.2d 744, 746 (Fla.Dist.Ct. App.1983) (citing *Whetzel v. Metro. Life Ins. Co.,* 266 So.2d 89, 91 (Fla.Dist.Ct.App. 1972)).

The following facts are undisputed.[3] On December 18, 2012, Mr. Valdivia was em-

---

3.  Plaintiff has failed to controvert these facts with specific references to pleadings, depositions, answers to interrogatories, admissions, or affidavits on file with the Court. *See* DE 55. These facts are therefore deemed admitted. *See* Local Rule 56.1. Many of these facts are supported by specific references to Mr. Valdivia's sworn statement, which Plaintiff contends is inadmissible hearsay. *See* DE 52; DE 55. The Court concludes, however, that it is appropriate to consider Mr. Valdivia's statement. *See, e.g., Ash v. Sambodromo,*

ployed by Defendant as an Auto Center Assistant Manager, a position described as follows:

> This position is responsible for assisting the Auto Center Manager III in managing the Auto Center and Associates. The Assistant Manager ensures consistent, timely and accurate service delivery to customers by building, supervising and training a high performance selling and service team. The Assistant Manager works closely with the Auto Center Manager III as well as the District Manager, Auto to ensure achievement of business goals and great customer service on a daily basis. This includes, but is not limited to, management of Associates; analyses and driving of sales volume, customer service, profitability and performance; identification and solution of business problems; creation and implementation of competitive strategies; managing productivity standards; and other responsibilities as assigned by the Auto Center Manager III or the District Manager, Auto.

*See* DE 52 ¶¶ 1–2; DE 55 ¶¶ 1–2.

Mr. Valdivia arrived for work at the Sears Auto Center in Hialeah, Florida (the "Auto Center") at approximately 6:10 a.m. on December 18, 2012. *See* DE 52 ¶ 8; DE 55 ¶ 8. At approximately 7:20 a.m., Mr. Valdivia left the Auto Center in his personal vehicle for breakfast. *See* DE 52 ¶ 9; DE 55 ¶ 9. As a salaried employee, Mr. Valdivia was permitted to take such personal breaks. *See* DE 52 ¶¶ 3, 5; DE 55 ¶¶ 3, 5.

Mr. Valdivia drove approximately one-half mile from the Auto Center to Vicky's Bakery, parked his vehicle, went inside, and purchased breakfast for himself only. *See* DE 52 ¶¶ 12–13; DE 55 ¶¶ 12–13. Mr. Valdivia then returned to his vehicle, drove from the parking lot at Vicky's Bakery to the parking lot at Total Bank approximately 150 feet away, and stopped to listen to the radio while he ate his breakfast. *See* DE 52 ¶¶ 14–15; DE 55 ¶¶ 14–15. While eating breakfast, Mr. Valdivia kept his vehicle in drive and never shifted into park. *See* DE 52 ¶ 16; DE 55 ¶ 16.

After finishing his breakfast, Mr. Valdivia stepped out of his vehicle, which was still in drive. *See* DE 52 ¶ 17; DE 55 ¶ 17. The vehicle immediately began to move forward. *See* DE 52 ¶ 18; DE 55 ¶ 18. Mr. Valdivia re-entered his vehicle and mistakenly stepped on the gas pedal, causing the vehicle to strike and kill Ms. Morera. *See* DE 52 ¶ 19; DE 55 ¶ 19.

█ In light of these undisputed facts, a reasonable trier of fact could not return judgment for Plaintiff, and Defendant is entitled to judgment as a matter of law. At the time Mr. Valdivia's vehicle struck and killed Ms. Morera, Mr. Valdivia was not acting within the course and scope of his employment as a matter of law. The act of eating breakfast and listening to the radio in his personal vehicle while on a personal break approximately one-half mile away from the Auto Center was not the kind of conduct Mr. Valdivia was hired to perform as Auto Center Assistant Man-

---

*LLC,* 676 F.Supp.2d 1360, 1372 (S.D.Fla. 2009) (considering sworn statement on motion for summary judgment over non-movant's hearsay objection). "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that

would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The portions of Mr. Valdivia's sworn statement on which Defendant relies satisfy the requirements of Rule 56(c) and do not constitute inadmissible hearsay.

ager, did not occur within the time and space limits authorized or required by the work to be performed, and was not activated by a purpose to serve the employer. *See, e.g., Sussman,* 557 So.2d at 75–76 (concluding employee was outside scope of employer's business as a matter of law when she detoured on her way to work to stop at a supermarket, where she purchased a cake for a fellow employee's birthday celebration).

Plaintiff's arguments to the contrary rely heavily on principles such as the personal comfort doctrine established in the worker's compensation context. However,

> [d]ifferent considerations dictate the results in analyzing whether an employer is legally responsible for the conduct of an employee which results in harm to the employee or a fellow employee, and conduct of an employee which results in harm to third persons. The policy goal of the workers' compensation statute is to provide prompt and limited compensation benefits for job-related injuries and to facilitate the employee's speedy return to employment without regard for fault. Those policy considerations are not at work in cases where third parties make claims against the employer under principles of respondeat superior for injuries caused by the employee. Instead, a narrower analysis is undertaken which relies strictly on tort principles.

*Id.* at 75 (internal citations omitted). Plaintiffs' reliance on principles applicable in the worker's compensation context is therefore misplaced.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Sears, Roebuck & Co.'s Motion for Summary Judgment on Plaintiff's Complaint and Memorandum of Law [DE 51] is **GRANTED.** The Court will enter Final Judgment in favor of Defendant separately.

2. All pending motions are **DENIED AS MOOT,** all scheduled hearings are **CANCELLED,** and all deadlines are **TERMINATED.**

3. The Clerk of Court is directed to **CLOSE THIS CASE.**

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this *19th* day of October, 2015.