[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11646

Non-Argument Calendar

_____

CHERYL DRUKER,

Plaintiff-Appellant,

versus

WALMART, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61022-RS

_____

Before WILSON, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Cheryl Druker appeals the district court's grant of summary judgment in favor of Walmart, Inc. ("Walmart"). Druker asserted a claim against Walmart for vicarious liability for injuries Druker sustained while shopping in a Walmart store. No reversible error has been shown; we affirm.

The complained-of incident occurred at a Walmart grocery store in Broward County, Florida. Briefly stated, Drucker alleges that, while Druker was shopping, an unidentified person pushing a stock cart struck Druker from behind. After hitting Druker, the person faced Druker, apologized, and asked if Druker was alright. The person then continued quickly down the aisle with the stock cart. Druker contends she suffered injuries as a result of the incident.

Druker filed this civil action against Walmart in Florida state court, asserting one count of negligence.[1] After the case was removed to federal court, the district court granted Walmart's motion for summary judgment. The district court determined Druker presented nothing demonstrating that the person who allegedly struck her was an employee of Walmart.

---

[1] In filings before the district court, Druker clarified that she was asserting only a claim based on vicarious liability, not direct liability.

We review the district court's grant of summary judgment *de novo*, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(a).

We are bound by the substantive law of Florida in deciding this diversity case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Florida law, "[a]n employer may be vicariously liable to third parties under the principle of respondeat superior for damages and injuries caused by its employee's negligent acts which are committed within the scope and course of his employment." *See Bennett v. Godfather's Pizza, Inc.*, 570 So. 2d 1351, 1353-54 (Fla. Dist. Ct. App. 1990). Vicarious liability is a form of indirect liability whereby an employer's liability is "based solely on the legal imputation of responsibility for another party's tortious acts." *See Armiger v. Associated Outdoor Clubs, Inc.*, 48 So. 3d 864, 874-75 (Fla. Dist. Ct. App. 2010). Generally speaking, a principal may be held vicariously liable only for the negligence of its agent. *See Del Pilar v. DHL Global Customer Sols.*, 993 So. 2d 142, 145-46 (Fla. Dist. Ct. App. 2008) ("[A] principal is not vicariously liable for the negligence of its independent contractor, but the principal is liable for the negligence of its agent.").

On appeal, Druker argues chiefly that the district court failed to view the evidence and all reasonable inferences in the light most

favorable to her.  Druker contends that the district court weighed impermissibly the evidence instead of accepting as true Druker's assertion that the person who struck her was a Walmart employee. We disagree.

Shortly after being hit with the cart, Druker reported the incident to the store's manager, Jack Hudson.  Druker, however, was unable to tell Hudson where in the store the incident occurred. Druker was also unable to describe the person who had been pushing the cart other than that the person was male.  According to Hudson, the store had only one male employee working in the store that day.  When Hudson (on the day of the incident) walked Druker past the store's only scheduled male employee, Druker did not recognize the employee as the person who had purportedly hit her.

During Druker's deposition, Druker described the person who hit her as male, young, of average height, and as wearing sneakers.  Druker was unable to describe the person's face, relative size, hair length, or whether the person appeared to be black, white, Asian, or Hispanic.  Except for his sneakers, Druker was also unable to describe the person's clothing.  When asked how Druker knew the person was a Walmart employee, Druker said he might have been wearing a vest, but said she was unsure.[2]  Druker then said, "I would assume he was working in WalMart.  That would be

---

[2] When the incident occurred, all Walmart employees were required to wear a bright green vest.

a normal assumption. I don't -- who would be stocking a cart in Walmart?"

Viewed in the light most favorable to Druker, the record contains insufficient evidence to support a reasonable inference that the person who allegedly hit Druker was employed by Walmart.[3] Although Druker has said repeatedly that the person was a Walmart employee, she has articulated too few facts -- either on the day of the incident or during this litigation -- to support her assumption. Given the lack of record evidence indicating that the person was employed by Walmart (and not an independent contractor, vendor, or customer) the district court determined properly that Druker's assertions about the person's employment status constituted mere speculation insufficient to avoid summary judgment. *See Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018) ("Conclusory allegations and speculation are insufficient to create a genuine issue of material fact."); *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir.1982) ("[A]n inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation.").

Druker has failed to establish a genuine issue of material fact about whether the person who allegedly struck her with the cart

---

[3] The record contains no store surveillance footage. Nor were there witnesses to the incident.

6                      Opinion of the Court                    22-11646

was an employee of Walmart.  Walmart was thus entitled to summary judgment on Druker's claim for vicarious liability.

AFFIRMED.