557 So.2d 74 (1990)
William SUSSMAN, Appellant,
v.
FLORIDA EAST COAST PROPERTIES, INC., Appellee.
No. 89-1005.
District Court of Appeal of Florida, Third District.
January 16, 1990.
Rehearing Denied March 23, 1990.
*75 L. Barry Keyfetz, Miami, for appellant.
Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, and John Bond Atkinson, Miami, and Douglas E. Ede, Miami Shores, and Wendy F. Lumish, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Sussman, who was injured when struck by a car driven by an employee of Florida East Coast Properties, Inc., appeals from a summary judgment granted in favor of the appellee. We affirm.
Elizabeth Paraiso, a fitness instructor at a health spa owned by Florida East Coast Properties, received a telephone call from the spa manager asking her to stop off at a supermarket on the way to work and pick up a birthday cake for the assistant manager's birthday party. Paraiso departed for work earlier than usual, and deviated five blocks from her normal route in order to purchase the cake. Before returning to her regular route, Paraiso lost control of the car when she reached over to prevent the cake from falling off the seat. The car left the road and struck the plaintiff, William Sussman, as he sat on a bench waiting for a bus.
Sussman sued Florida East Coast Properties on a theory of vicarious liability, alleging that although employers are not generally liable for the negligence of employees on their way to work, this case falls under the special errand exception to the coming and going rule. Florida East Coast Properties responded with evidence that Paraiso was not acting within the scope of the employer's business when the accident occurred. The trial court agreed that the employer was not liable.
Sussman's chief contention on appeal is that because it was undisputed that the employee was within the course and scope of her employment, as the term is used in the workers' compensation statute, the trial court was inconsistent when it found that the employee was not acting within the scope of the employer's business for the purpose of imposing vicarious liability for injuries caused to a third person. We disagree.
Different considerations dictate the results in analyzing whether an employer is legally responsible for the conduct of an employee which results in harm to the employee or a fellow employee, and conduct of an employee which results in harm to third persons. Johnson v. Gulf Life Ins. Co., 429 So.2d 744 (Fla. 3d DCA 1983). The policy goal of the workers' compensation statute is to provide prompt and limited compensation benefits for job-related injuries and to facilitate the employee's speedy return to employment without regard for fault. Winn Dixie Stores, Inc. v. Akin, 533 So.2d 829, 831 (Fla. 4th DCA 1988) (Anstead, J. concurring specially), rev. denied, 542 So.2d 988 (Fla. 1989). Those policy considerations are not at work in cases where third parties make claims against the employer under principles of respondeat superior for injuries caused by the employee. Instead, a narrower analysis is undertaken which relies strictly on tort principles. Id. See also Anderson v. Falcon Drilling Co., 695 P.2d 521 (Okl. 1985); Kang v. Charles Pankow Assoc., 5 Haw. App. 1, 675 P.2d 803 (1984); Beard v. Brown, 616 P.2d 726 (Wyo. 1980); Driscoll v. Harmon, 124 Ariz. 15, 601 P.2d 1051 (1979).
The conduct of an employee is within the scope of his employment, for the *76 purpose of determining the employer's vicarious liability to third persons injured by the employee, only if (1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master. Kane Furniture Corp. v. Miranda, 506 So.2d 1061 (Fla. 2d DCA), rev. denied, 515 So.2d 230 (Fla. 1987); Whetzel v. Metropolitan Life Ins. Co., 266 So.2d 89 (Fla. 4th DCA 1972).
When the employee detoured on her way to work to stop at a supermarket, where she purchased a cake for a fellow employee's birthday celebration,[1] although she was enroute to her place of employment when she struck and injured a pedestrian with her personal vehicle, she was outside the scope of the employer's business as a matter of law. See Johnson, 429 So.2d at 746 (question whether employee was acting within scope of employment is question of law where there is no factual dispute).
Summary judgment for the employer is affirmed.
NOTES
[1] The employee's deposition testimony supports the finding that the purchase of the cake was outside the scope of duties the employee was employed to perform. Mrs. Paraiso testified, "[W]e were friends, like aerobics teachers and fitness instructors and we just decided to give him a cake because it was his birthday ... I didn't do it because it was my boss. I didn't do it because my boss said so... ."