PER CURIAM.
 

 Roy E. Adams, II, and Joanne Adams appeal the trial court’s final summary judgment in favor of Mitchell G. Hancock, Inc. (hereinafter “Hancock”). The final judgment found that Hancock was not vicariously liable for the negligence of its employee, Jonathan Nowlin, because Now-lin was not engaged in the course and scope of his employment when his automobile collided with a vehicle driven by Roy Adams.
 

 The facts are undisputed. Hancock’s corporate office is located in Okeechobee, and its crews often work for extended periods at other locations. Hancock provides its work crews with transportation to the job sites, hotel accommodations, and a monetary per diem. Employees who elect to drive their own vehicles to the out-of-town job sites are not reimbursed for any travel expenses, because Hancock provides transportation at its expense.
 

 Nowlin was part of a four-man work crew engaged in an extended construction project in Rockledge. Nowlin’s supervisor would pick up the crew each morning and drop them off each evening at the motel where they stayed. The supervisor drove home nightly to St. Cloud. On Wednesday of the week in question, Nowlin asked permission to travel home to Vero Beach that night to see his girlfriend, but the request was refused. After work, the supervisor drove home to St. Cloud as usual, and assumed Nowlin stayed in Rockledge that night. At about 5:54 a.m. on Thursday, the supervisor called Nowlin
 
 [1]
 
 and learned that, despite his directions to the contrary, Nowlin went to Vero Beach the night before and was in the process of driving back to Rockledge. The supervisor indicated he was about ten minutes in travel time behind Nowlin and would meet up with him at the motel. Shortly after the phone call, Nowlin was involved in the collision which took his life and injured Adams.
 

 Where there are no factual disputes, whether an employee is acting within the course and scope of his employment is a question of law.
 
 Sussman v. Fla. E. Coast Props., Inc.,
 
 557 So.2d 74, 76 (Fla. 3d DCA 1990) (citation omitted). We agree that the “going and coming” provision of section 440.092(2), Florida Statutes (2009), operated to establish, as a matter of law, that Nowlin was not in the course and scope of his employment at the time of the accident. Further, under these material undisputed facts, the “dual purposes exception” did not apply.
 
 See generally Gilbert v. Publix Supermkts., Inc.,
 
 790
 
 *1115
 
 So.2d 1057 (Fla.2001). Accordingly, the final summary judgment in favor of Hancock is affirmed.
 

 AFFIRMED.
 

 TORPY, COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 . Both at the summary judgment hearing and oral argument, counsel suggested that the supervisor instructed Nowlin to go to the motel and get the crew ready. While not critical to our decision, the evidence reflected that the supervisor typically called Nowlin each morning to ensure the work crew was awake and prepared for the upcoming day. However, on the morning of the accident, when the supervisor learned Nowlin had gone home the pri- or evening, the conversation was only to the effect that they would meet at the motel.