[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15109
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22708-RLR

MANUEL MORERA,
as Personal Representative of the Estate of Maria Josefa Morera,

Plaintiff-Appellant,

versus

SEARS ROEBUCK AND CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 13, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Manuel Morera, as the personal representative of Maria Morera, appeals the

summary judgment against his complaint that Sears Roebuck and Company was

vicariously liable for the wrongful death of his mother, *see* Fla. Stat. § 768.16 *et*

*seq*. Luis Antonio Valdivia, a Sears employee, drove his personal vehicle to a bank during his morning break, failed to put the vehicle in park before climbing out, and hit Ms. Morera when, in attempting to stop the vehicle, he pressed the accelerator instead of the brake. The district court ruled that Sears was not vicariously liable for Valdivia's conduct because it occurred outside the scope of his employment. We affirm.

Sears employed Valdivia as an assistant manager at its auto center in Hialeah, Florida. Valdivia's salaried position entailed "managing the Auto Center and Associates" to "ensure[] consistent, timely and accurate service delivery to customers." On December 18, 2012, Valdivia arrived at the auto center earlier than usual, about ten minutes after 6:00 a.m., to help admit a crew to clean the store before it opened for customers around 8:00 a.m.

Around 7:20 a.m., Valdivia took a morning break and drove approximately one-half a mile to a bakery to purchase breakfast. He drove to the parking lot of a bank and ate his breakfast while listening to the radio. Valdivia failed to shift the transmission to park, and when he climbed out of his vehicle, it began to roll forward. Valdivia returned to his vehicle, but pressed the gas pedal inadvertently and struck Ms. Morera.

We review a summary judgment *de novo*. *Williams v. Obstfeld*, 314 F.3d 1270, 1275 (11th Cir. 2002). Summary judgment is appropriate when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Florida law, which the parties agree applies, "[a]n employer may be vicariously liable to third parties under the principle of respondeat superior for damages and injuries caused by its employee's negligent acts which are committed within the scope and course of his employment." *Bennett v. Godfather's Pizza, Inc.*, 570 So. 2d 1351, 1353–54 (Fla. Dist. Ct. App. 1990). An employee acts "within the scope of his employment . . . only if (1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." *Sussman v. Fla. E. Coast Props., Inc.*, 557 So. 2d 74, 75–76 (Fla. Dist. Ct. App. 1990). "[F]or an employer to be vicariously liable . . ., the employee's conduct must in some way further the interests of the employer or be motivated by those interests." *Bennett*, 570 So. 2d at 1354.

The district court did not err by entering summary judgment in favor of Sears. Sears was not vicariously liable for Valdivia's conduct because it was not "something [his] employment contemplated." *See Weiss v. Jacobson*, 62 So. 2d 904, 906 (Fla. 1953). As the district court stated, "[t]he act of eating breakfast and listening to the radio in his personal vehicle while on a personal break

3

approximately one-half mile away from the Auto Center was not the kind of conduct Mr. Valdivia was hired to perform as Auto Center Assistant Manager, did not occur within the time and space limits authorized or required by the work to be performed and was not activated by a purpose to serve [Sears]." Similar to the spa employee in *Sussman* who was acting outside the scope of her employment when she struck a pedestrian after deviating five blocks from her normal route to work to purchase a birthday cake at her manager's request, 557 So. 2d at 76, Valdivia's accident occurred during a personal break. Morera argues that Sears is liable because Valdivia was "on call at all times . . . during business hours," but Valdivia's accessibility did not place the accident within the scope of his employment. Valdivia's supervisor, Jesus Santos, testified, without dispute, that if contacted about an emergency at the auto center, Valdivia would finish "whatever he was doing . . . [before] go[ing] back [to] take care of the customer." Santos testified that when managers and assistant managers are at lunch or on a break, they are "on [their] own time" and "[t]he customer has to wait." Because Valdivia hit Ms. Morera while acting outside the scope of his employment, Sears was not legally responsible for the tragic mishap.

We **AFFIRM** the summary judgment in favor of Sears.