DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF FORT LAUDERDALE,**
Appellant,

v.

**DON NICHOLS** and
**LOBBAN CONSTRUCTION, INC.,**
Appellees.

No. 4D17-2432

[April 25, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE 07-013811 (14).

Scott C. Cochran and W. Tucker Craig of Billing, Cochran, Lyles, Mauro & Ramsey, P.A., Fort Lauderdale, for appellant.

Brian M. Silverio of Silverio & Hall, P.A., Naples, for appellee Don Nichols.

KUNTZ, J.

The City of Fort Lauderdale appeals the denial of its motion for summary judgment based on sovereign immunity over claims of breach of contract and negligence. We affirm the court's denial of summary judgment as to the tort-based claim. But we reverse the court's order as to the breach of contract claim because it is not based on an express written contract by which the City waived sovereign immunity.

In 2002, the City launched a "Paint and Plant" pilot program to use federal grant money to fund exterior improvements to certain residential properties. Appellee Don Nichols applied for the program and was accepted. Through a bidding process, the City selected Lobban Construction, Inc. ("Lobban") to perform the work on Nichols' home. Lobban began the project in 2004, but Nichols claims the work was substandard and caused extensive damage to his home.

Nichols sued the City in 2007, asserting claims for breach of contract and negligence. He alleged the City failed to supervise Lobban's work and breached agreements to improve his property. He also alleged the City breached its duties to "hire, maintain and supervise" the work "in accordance with the level of care and skill which is recognized as acceptable and appropriate under similar community circumstances." The City moved for summary judgment, asserting Nichols' claims were barred by sovereign immunity. The court denied the motion, and the City appeals.

We review the court's denial of the City's motion for summary judgment based on sovereign immunity *de novo*. *Town of Gulf Stream v. Palm Beach County*, 206 So. 3d 721, 725 (Fla. 4th DCA 2016). Generally, sovereign immunity derives from the understanding that "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual *without its consent*." The Federalist No. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed., 1961) (emphasis in original) ("This is the general sense and the general practice of mankind."). *Id.* And, consistent with that understanding, in Florida, sovereign immunity is the rule rather than the exception. *Town of Gulf Stream*, 206 So. 3d at 725.

The key portion of sovereign immunity is the phrase "without its consent." The Florida Legislature has expressly provided for limited waiver of sovereign immunity in tort. *See* § 768.28, Fla. Stat. (2017). Thus, the court correctly denied the City's motion for summary judgment as to the negligence claims.

But there is no statutory provision waiving sovereign immunity over claims for breach of contract. To overcome this, Nichols claims the City expressly waived sovereign immunity in a contract. We have recognized that a municipality may waive the protections of sovereign immunity when it enters into an *express* contract. *City of Fort Lauderdale v. Israel*, 178 So. 3d 444, 446 (Fla. 4th DCA 2015). That is not the case here.

Nichols' complaint alleges that the City was contractually obligated "under the construction contract and through the various programs . . . offered by the City" to improve his property and to supervise the work as construction manager. There is a provision in the contractor agreement stating that the City has a right to supervise work done by Lobban at Nichols' house. But the contractor agreement is signed by Lobban and Nichols, not the City; it expressly provides that the City is not a party. The City cannot expressly waive sovereign immunity in a contract it did not sign. *See City of Orlando v. W. Orange Country Club, Inc.*, 9 So. 3d 1268, 1272 (Fla. 5th DCA 2009); *Strout v. Sch. Bd. of Broward Cty.*, No. 15-

2

61257-CIV, 2016 WL 4804075, at *9 (S.D. Fla. Feb. 1, 2016) ("Because no express written contract with the terms Plaintiff alleges were breached exists, sovereign immunity applies, and summary judgment is appropriate."). As a result, the City was entitled to summary judgment on the breach of contract claim.

*Affirmed in part; reversed in part; remanded for further proceedings.*

MAY and CIKLIN, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3