# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1968
Lower Tribunal No. 20-9490
_____

**Yarelys Ibarra,**
Appellant,

vs.

**Ross Dress for Less, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Best & Menendez, Virginia M. Best and Johanna M. Menendez, for appellant.

Gaebe, Mullen, Antonelli & DiMatteo, Emily C. Smith and Miriam R. Merlo, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

Yarelys Ibarra appeals a trial court order granting final summary judgment in favor of Ross Dress For Less, Inc. ("Ross"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Ibarra fails to demonstrate any genuine dispute of material fact, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 9, 2019, Ibarra was shopping in a Ross store in Coral Gables, Florida. At approximately 5:29PM, Ibarra was hit by Maria Rosario's shopping cart. Rosario was a Ross employee, who came into the store before her shift to shop. At the time of the incident, she was wearing her work clothes and employee badge but was not scheduled to start work until 6:00PM. Rosario clocked in for work at 5:58PM.

On May 1, 2020, Ibarra filed a complaint for damages against Ross alleging it breached its duty of care under the doctrine of respondeat superior when Rosario pushed the loaded shopping cart into her. Ross filed its answer and affirmative defenses. Ibarra filed a reply. On April 29, 2021, Ross filed a motion for summary judgment arguing it could not be held liable as the record clearly showed Rosario was off duty at the time the incident occurred.

In June 2021, Ibarra filed a response and memorandum in opposition to the motion for summary judgment arguing there was a genuine dispute of

2

material fact over whether Rosario was acting as an employee of Ross when the incident occurred because Rosario was wearing her work clothes and badge and her shopping cart was full. The trial court held a hearing on the motion on July 16, 2021. The trial court subsequently entered an order granting Ross' motion for summary judgment and final summary judgment finding there was no genuine dispute that Rosario was not working as a Ross employee when the incident occurred and therefore Ross was not liable for Ibarra's injuries under the doctrine of respondeat superior. This appeal followed.

## STANDARD OF REVIEW

"The standard of review on orders granting final summary judgment is de novo." Orozco v. McCormick 105, LLC, 276 So. 3d 932, 935 (Fla. 3d DCA 2019). As the hearing on Ross' motion for summary judgment was held on July 16, 2021, the new summary judgment standard applies. See In re Amends. to Fla. R. of Civ. P. 1.510, 317 So. 3d 72, 77 (Fla. 2021) (stating the effective date of the new rule is May 1, 2021, and the amendments shall "govern the adjudication of any summary judgment motion decided on or after that date").

## LEGAL ANALYSIS

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Genuine disputes are those in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d 192, 194 (Fla. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (quoting Anderson, 477 U.S. at 249–50 (citations omitted)).

The doctrine of respondeat superior provides that "an employer cannot be held liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So. 2d 353, 356 (Fla. 3d DCA 2001). "An employee's conduct is within the scope of his employment, where (1) the conduct is of the kind he was employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." Id. (citing

4

Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 75–76 (Fla. 3d DCA 1990)).  Ibarra asserts the trial court improperly entered summary judgment in Ross' favor because there was a genuine dispute of material fact whether Rosario was acting on behalf of Ross when the incident occurred.

The Florida Supreme Court has emphasized that one "of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d 192, 194 (Fla. 2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)).  Under the new summary judgment rule, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 550 U.S. 372, 380 (2007).  As such, when contesting a motion for summary judgment, an opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d at 193 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Here, Ibarra fails to demonstrate more than some metaphysical doubt as to the material facts.  Based on the record evidence produced through

5

depositions, testimony and affidavits no genuine dispute of material fact exists that Rosario was not on duty or acting on Ross' behalf when the incident occurred.  While Ibarra asserts several arguments to the contrary, none are significantly probative or supported by the evidence.  Accordingly, based on the record evidence, we find the trial court properly awarded Ross summary judgment.

Affirmed.