# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-0972
Lower Tribunal No. 19-5993

————————

**City of Miami,**
Appellant,

vs.

**Lyn M. Robinson,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Victoria Méndez, City Attorney, and Eric J. Eves, Assistant City Attorney, for appellant.

The Gutierrez Firm, and Jorge P. Gutierrez, Jr.; Philip D. Parrish, P.A., and Philip D. Parrish, for appellee.

Before FERNANDEZ, C.J., and SCALES and BOKOR, JJ.

BOKOR, J.

Appellee Lyn M. Robinson sued the City of Miami for negligence as a result of an automobile accident with a City of Miami-owned vehicle driven by a City employee, Fire-Rescue Lieutenant Karen Salinas. The City answered and asserted sovereign immunity pursuant to section 768.28, Florida Statutes. Robinson propounded discovery, the City failed to respond to the discovery, and Robinson moved for sanctions. Eventually,[1] the trial court struck the City's answer and affirmative defenses. One of the purported affirmative defenses asserted sovereign immunity under Florida Statute section 768.28. The City did not appeal the order striking the pleadings. But the City sought summary judgment, arguing that sovereign immunity may be raised at any time, and barred the suit against the City. The trial court disagreed and denied the City's motion. The City appeals.[2] Because sovereign immunity acts as a prudential bar to suit under the circumstances present, we agree with the City and reverse.

---

[1] The initial trial judge conducted an evidentiary hearing and subsequently struck the City's pleadings. A successor judge reconsidered and struck the sanctions. A second successor judge reimposed the sanctions. We do not address the propriety of sanctions for the conduct alleged, as the sanctions order is not before us on appeal.

[2] We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(F)(ii). "We review the court's denial of the City's motion for summary judgment based on sovereign immunity *de novo*." City of Fort Lauderdale v. Nichols, 246 So. 3d 391, 392 (Fla. 4th DCA 2018) (citing Town of Gulf Stream v. Palm Beach County, 206 So. 3d 721, 725 (Fla. 4th DCA 2016)).

In Florida, "sovereign immunity is the rule, rather than the exception." Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5 (Fla. 1984). The State may waive sovereign immunity, but any waiver of sovereign immunity must be "clear and unequivocal." Rabideau v. State, 409 So. 2d 1045, 1046 (Fla. 1982). Florida Statutes section 768.28 clearly and unequivocally provides for waiver of sovereign immunity in certain tort actions against a governmental entity. Specifically, section 768.28 waives sovereign immunity for tort liability for the State and its subdivisions, including municipalities, "but only to the extent specified in this act." § 768.28(1), Fla. Stat. Such waiver permits:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision **while acting within the scope of the employee's office** or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

Id. (emphasis added). Specifically addressing the course and scope requirement in a separate section of the statutory provision, the statute further provides that:

> **The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment** or

committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9), Fla. Stat. (emphasis added).

This court explained that conduct occurs within the course and scope of employment only if "(1) the conduct is the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 75–76 (Fla. 3d DCA 1990) (citations omitted). Relevant to this appeal is the second prong of the course and scope test, specifically, whether the conduct occurred within the time and space limits of the work required. The City argued that, under the "going and coming" rule, because the employee was traveling to work at the time of the accident, she was not acting within the time and space constraints of her employment. See Swartz v. McDonald's Corp., 788 So. 2d 937, 942 (Fla. 2001) ("The 'going and coming' rule provides that injuries sustained while traveling to or from work do not arise out of and in the course of employment, and, therefore, are not compensable.").

Applying the "going and coming" concept to the course and scope requirement of section 768.28(9), the City argues that, since the accident

occurred outside the scope of employment, sovereign immunity shields the City from a tort claim based on the employee's alleged negligence.[3]  The trial court didn't disagree with the City's legal analysis but nonetheless denied the City's motion for summary judgment, finding a "genuine dispute as to whether the City's employee, a Fire Rescue Officer, was off duty at the time of the car accident."  A review of the record, however, reveals no such dispute.[4]

---

[3] In other contexts, the dangerous instrumentality doctrine may obviate the need to determine whether an employee was on the way to work where, as here, the employer provided the vehicle.  See Robelo v. United Consumers Club, Inc., 555 So. 2d 395, 396–97 (Fla. 3d DCA 1989) (explaining that under the dangerous instrumentality doctrine an employer may be held "liable for injuries caused by the employee in an accident occurring while the employee is in transit to the office if the employer provides transportation to and from the workplace").  But the express language of the sovereign immunity statute waives such immunity only where the employee acts within the course and scope of the employment and includes no exception for a dangerous instrumentality.  See Rabideau, 409 So. 2d at 1046 ("Any waiver of sovereign immunity must be clear and unequivocal."); Arnold v. Shumpert, 217 So. 2d 116 (Fla. 1968); Spangler v. Fla. State Tpk. Auth., 106 So. 2d 421 (Fla. 1958).  Had the legislature intended to accept vicarious responsibility for the operation of state vehicles while in use for nonstate purposes, we believe it would have expressly so provided.

[4] Florida adopted the federal summary judgment standard, effective May 1, 2021.  In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 77 (Fla. 2021).  This standard "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

If the record evinced a factual dispute regarding the "going and coming" rule, this appeal would likely end with every appellee's favorite three letters in the Florida appellate lexicon, "PCA." But the operative complaint makes no claim that the employee was on duty at the time of the accident, and, more importantly, Robinson presents no summary judgment evidence to create an issue of fact to that effect. The City presents the only relevant piece of admissible evidence in support of its motion for summary judgment. Relying on, and citing to, the employee's deposition, which the City properly filed in support, the City's motion for summary judgment explains that "[a]t the time of the car accident, Lt. Salinas was off duty." In her deposition, the employee states that she "was heading to work" at the time of the accident. Robinson doesn't contest or counter the evidence that the employee was off duty, on her way to work at the time of the accident. Instead, Robinson's response to the City's motion for summary judgment relies on one argument—the same argument she makes before this court—that because the trial court struck the City's answer and affirmative defenses, the City couldn't assert sovereign immunity.

In her answer brief before this court, Robinson commendably "confesses error as to the denial of the Motion for Summary Judgment based upon disputed issues of material fact, as to the applicability of the going and

6

coming rule." Robinson asks us to rely on the tipsy coachman doctrine and affirm the trial court based on the stricken pleadings. But this argument misses the mark for two important reasons. First, "[s]ummary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." The Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). A trial court must grant summary judgment where "it is apparent from the pleadings, depositions, affidavits, or other evidence that there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law." Id. Robinson proffered no evidence at summary judgment from which the trial court could conclude that the accident occurred during the course and scope of employment. The only record evidence presented established that the employee was on her way to work at the time of the accident. "Where there are no factual disputes, whether an employee is acting within the course and scope of his employment is a question of law." Peterson v. Cisco Sys., Inc., 320 So. 3d 972, 973 (Fla. 2d DCA 2021) (citations omitted); see also Sussman, 557 So. 2d at 76 (noting that whether an employee was acting within the scope of their employment is a question of law when there is no factual dispute).

7

Second, and perhaps more important conceptually, Robinson misconstrues the role of sovereign immunity. Sovereign immunity bars a claim against a governmental entity, with exception for claims brought under the federal or state constitutions, claims based on a "clear and unequivocal" legislative waiver of sovereign immunity, or contractual claims based on an express, written agreement with a governmental entity. Univ. of Fla. Bd. of Trs. v. Rojas, 351 So. 3d 1167, 1170 (Fla. 1st DCA 2022). Because sovereign immunity is the rule, not the exception, it stands to reason that a party bringing a suit in tort against a governmental entity bears the initial burden of showing a recognized exception to sovereign immunity.

The fact that the trial court struck the City's defenses changes nothing. Much like subject matter jurisdiction, sovereign immunity isn't an affirmative defense, and it can be raised at any time. State, Dep't of Highway Safety & Motor Vehicles, Div. of Highway Patrol v. Kropff, 491 So. 2d 1252, 1254 n.1 (Fla. 3d DCA 1986); see also Schmauss v. Snoll, 245 So. 2d 112, 113 (Fla. 3d DCA 1971) ("A state's immunity from suit relates to subject matter jurisdiction, and is not an affirmative defense. Lack of jurisdiction over the subject matter may be raised at any time. . . .") (citation omitted); Sebring Utils. Comm'n v. Sicher, 509 So. 2d 968, 969 (Fla. 2d DCA 1987)

8

("[G]overnmental immunity is not an affirmative defense, but is jurisdictional and may be raised at any time.").

Here, Robinson alleged damages resulting from an automobile accident and pointed to a general waiver of sovereign immunity for tort claims pursuant to Florida Statutes section 768.28, and further alleged compliance with notice provisions under the same. This provides a general allegation of statutory waiver of sovereign immunity for tort claims. But in the motion for summary judgment based on sovereign immunity, the City asserts sovereign immunity, based on the fact that sovereign immunity provides that "[t]he state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment." § 768.28(9), Fla. Stat. The City supports the assertion of sovereign immunity by offering facts, undisputed and unrebutted by Robinson, establishing that the accident occurred outside the employee's course and scope of employment. The City's motion for summary judgment rebutted the general allegation of waiver of sovereign immunity. The City presented a factual predicate establishing nonwaiver of sovereign immunity under sections 768.28(1) and 768.28(9). Robinson failed to establish, at a minimum, an issue of fact regarding the applicability of sovereign immunity to the factual predicate. Robinson

9

concedes, no such factual dispute exists.  To the contrary, the only evidence before the court establishes that the employee was on her way to work (not at work), and the going and coming rule applies.  The accident occurred while the employee acted outside the course and scope of her employment. Because no factual dispute exists, the trial court should have granted summary judgment in favor of the City.  Accordingly, we reverse and remand with instructions to grant the City's motion for summary judgment on the basis of sovereign immunity and enter final judgment in favor of the City.

Reversed and remanded with instructions.