# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2013
Lower Tribunal No. 18-16-K
_____


**Tara Wood, et al.,**
Appellants,

vs.

**Royal Plus, Inc., etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Hoffman, Larin, & Agnetti, P.A., David L. Perkins, and John B. Agnetti; Samson Appellate Law, and Daniel M. Samson, for appellants.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez, for appellee Royal Plus, Inc.


Before FERNANDEZ, SCALES and GORDO, JJ.

FERNANDEZ, J.

Grace and Hollis Wood ("Wood"), on behalf their minor child Tara Wood, appeal the trial court's order granting final summary judgment in favor of Royal Plus, Inc. ("Royal Plus"). We affirm the order on appeal.

On September 25, 2017, at approximately 10:09 p.m., Miguel Orellana got into a car accident with another car in which Tara Wood was a passenger. Orellana was at fault, and Wood sustained serious injury. Orellana, a handyman and day laborer, was traveling from Royal Plus's worksite at the Blue Marlin Motel in Key West to Royal Plus's warehouse, in Key West, where he and other workers were lodging after finishing their workday. When Orellana left the Blue Marlin Motel that evening he had clocked out for the day, and Orellana was not compensated for his travel time.

Royal Plus subcontracted temporary labor work with Handyman Julio, LLC. Orellana was one of Handyman Julio's day laborers. At the time of the accident, Orellana was operating a van owned by another Handyman Julio employee, Carlos Guerrero. Due to the lack of available lodging in Key West following a hurricane, most of Handyman Julio's day laborers were lodging at Royal Plus's warehouse or at the home of Royal Plus's president.

Grace and Hollis Wood, on behalf of their minor child Tara Wood, sued several defendants claiming that Orellana operated a vehicle without a valid

driver's license with the express or implied consent of Defendants Guerrero, Royal Plus, and Handyman Julio. Wood alleged that Orellana was acting within the course and scope of his employment with Royal Plus and Handyman Julio when he collided with the vehicle. Wood brought claims against the individual defendants for negligence and vicarious liability. Against Royal Plus and Handyman Julio, Wood asserted claims for vicarious liability for the actions of Orellana, as well as negligent hiring, retention, and entrustment claims.

Royal Plus answered, denying most allegations and asserting several affirmative defenses including, in relevant part, a lack of employment relationship, that Orellana was not acting within the course and scope of his employment in operating his vehicle at the time of the accident because he was returning home from work, that there was no agency relationship, and that it had no legal control over the vehicle. Royal Plus moved for summary judgment.

The trial court found that Orellana was not in the course and scope of his employment when driving back to the warehouse to sleep because he had clocked out for the day and found that Royal Plus did not control Orellana as he was not performing any employment duties. Further, the trial court ruled that there is no record evidence that Orellana was required to report to

3

the warehouse for employment-related duties. The trial court analyzed the "going and coming" rule, which ordinarily renders an employer not liable for accidents occurring while driving to or from work. The court discounted workers compensation case law exceptions to this rule as instructive. Next, the trial court addressed bailment against Royal Plus and found no record evidence to support the theory that Royal Plus was in control of the vehicle involved in the accident. As to the negligent hiring claim, the trial court ruled that the fact that Orellana was driving on a suspended license was not material because Royal Plus had no notice of that fact nor should it have. The trial court granted final summary judgment in favor of Royal Plus. Wood appealed.

This Court reviews the granting of a summary judgment motion *de novo*. Garcia v. First Cmty. Ins. Co., 241 So. 3d 254, 256 (Fla. 3d DCA 2018).

On appeal, Wood argues that the trial court should have applied the workers compensation exceptions to the going and coming rule, specifically the dual-purpose rule and the bunkhouse exception. The going and coming rule clearly applies in this case as it is undisputed that Orellana was clocked out for the day and was on his way home to the warehouse where he had been sleeping. Florida courts have not applied workers compensation exceptions to the tort context. This Court has clearly spoken on this subject:

4

The policy goal of the workers' compensation statute is to provide prompt and limited compensation benefits for job-related injuries and to facilitate the employee's speedy return to employment without regard for fault. Those policy considerations are not at work in cases where third parties make claims against the employer under principles of respondeat superior for injuries caused by the employee. Instead, a narrower analysis is undertaken which relies strictly on tort principles.

Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 75 (Fla. 3d DCA 1990) (internal citation omitted). Based on the three-prong test of respondeat superior, we find that the trial court properly found that Orellana was not acting within the course and scope of his employment when the accident occurred, and Royal Plus cannot be held vicariously liable for any negligence attributed to Orellana.[1]

Wood additionally argues that Royal Plus gave constructive control of Carlos Guerroro's van to Orellana, the vehicle Orellana was driving on the night of the accident. The record evidence shows that Guerroro allowed his

---

[1] The three-prong test provided in Sussman is as follows:

The conduct of an employee is within the scope of his employment, for the purpose of determining the employer's vicarious liability to third persons injured by the employee, only if (1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master.

Id. at 75-76.

5

brother, Julio Hernandez, to use the vehicle who then allowed Orellana to drive the vehicle. Therefore, the record clearly demonstrated that Royal Plus was never the owner, renter, lessor, or bailor of the subject vehicle, and Hernandez alone was the bailee of the vehicle. See Dunham v. State, 192 So. 324, 326 (Fla. 1939).

Lastly, Wood invites this Court to recognize for the first time the common law duty of an employer to run a background check on employees who will be operating a vehicle. We decline to do so. Because Florida has not recognized this common law duty, the trial court did not err in ruling that Royal Plus had no duty to run a background check.

For the reasons stated, we affirm the trial court's order granting final summary judgment in favor of Royal Plus.

Affirmed.